

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-01514

*Policy, Legislation and Special Litigation Section*
*P.O. Box 4390*
*Washington, DC 20044-4390*

*Telephone (202) 514-3473*
*Facsimile (202) 616-8543*

May 21, 2004

Frances Rios De Moran
United States District Court for the
 District of Puerto Rico
Federico Degatua Federal Bldg.
150 Carlos Chardon Ave., Office 150
San Juan, PR 00918-1757

Re:   Puerto Rico Camper's Association v. Puerto Rico Aqueduct & Sewer Authority,
      United States District Court the District of Puerto Rico, Civil Action No.: 3:97-
      CV-01493 JAC-GAG

Dear Ms. De Moran:

On May 03, 2004, the Attorney General of the United States received a proposed consent decree in this matter for review pursuant to section 505(c)(3) of the Clean Water Act, 33 U.S.C. 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in any action in which
> the United States is not a party prior to 45 days following the
> receipt of a copy of the proposed consent judgment by the
> Attorney General and the Administrator.

The United States is currently reviewing the proposed consent decree. Meanwhile, the United States affirms for the record that, under prevailing law, it is not bound by this settlement. See, e.g., Hawthorn v. Lovorn, 457 U.S. 255, 268, n.23 (1982) (Attorney General is not bound by cases to which he was not a party); United States v. Atlas Powder, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) ("The United States is not bound by settlement agreements or judgments in cases to which it is not a party"); 131 Cong. Rec. 15,633 (June 13, 1985) (statement of Senator Chafee, on section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).

If a final consent decree is entered in this case, the United States respectfully requests that the undersigned, and Ms. Saundra Doyle (address below), be served with a signed copy. In addition, penalties required to be paid pursuant to the decree should be made by check payable to the "United States Treasury" and delivered to:

Ms. Saundra Doyle
Debt Collection Specialist
Environment & Natural Resources Division
Executive Office
P.O. Box 7754
Washington, D.C. 20044-7754

If the United States has additional comments on the consent decree, they will be provided to the court and counsel of record by June 17, 2004.[1]

The United States also notes that, if the parties subsequently propose to modify any final consent decree entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications. See 33 U.S.C. 1365(c)(3).

Please contact the undersigned at (202) 514-2714 if you have any questions.

Sincerely,

*Paul S. Weiland*

Paul S. Weiland, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Policy, Legislation & Special Litigation Section
P.O. Box 4390
Washington, D.C. 20044-4390

cc:   Cindy Gines-Sanchez, Plaintiff's Counsel
John C. Martin, Defendant's Counsel
Jorge Marrero Narvez, Esq., Defendant's Counsel

---

[1] This date assumes that the Administrator of the Environmental Protection Agency received a copy of the proposed consent decree on or before the date it was received by the Department of Justice. If the EPA received its copy later than the Department of Justice (which would extend the date for comments), the United States will inform the court and the parties.