

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-01514

*Policy, Legislation and Special Litigation Section*  
*P.O. Box 4390*  
*Washington, DC 20044-4390*

*Telephone (202) 514-3473*  
*Facsimile (202) 616-8543*

June 17, 2004

Frances Rios De Moran  
United States District Court for the  
   District of Puerto Rico  
Federico Degatua Federal Bldg.  
150 Carlos Chardon Ave., Office 150  
San Juan, PR 00918-1757

    Re:    Puerto Rico Camper's Association v. Puerto Rico Aqueduct & Sewer Authority, United States District Court the District of Puerto Rico, Civil Action No.: 3:97-CV-01493 JAC-GAG

Dear Ms. De Moran:

    On May 3, 2004, the Attorney General of the United States received a copy of the proposed consent decree in the above-referenced case for review pursuant to Section 505(c)(3) of the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

    Pursuant to Section 505 (c)(3) of the Clean Water Act, the United States, for the record, submits these comments to the court. See 33 U.S.C. § 1365 (c)(3); Sierra Club, Inc. v. Electronic Controls Design, 909 F.2d 1350, 1352 n.2 (9th Cir. 1990) (holding that the United States shall have 45 days to comment on any Clean Water Act consent judgment to which it is not a party).

    The consent decree requires Defendant, among other things, to comply with the NPDES Permits for the Defendant's Palmer and Luquillo plants.

    The United States notes that Paragraph 15 of the consent decree, which describes the application of stipulated penalties, is somewhat ambiguous. We interpret that provision to indicate that the stipulated penalty amounts specified in Paragraph 15 are to be applied per violation per day during the periods indicated.

Without making a determination as to the appropriateness of the terms of Paragraph 18 of the consent decree, the United States also notes for the record that this consent decree does not control any terms or agreements that may accompany future consent decrees between the United States and the Defendant. Under prevailing law, the United States is not bound by this settlement or any provision of the proposed consent decree. See, e.g., Hawthorn v. Lovorn, 457 U.S. 255, 268, n.23 (1982) (Attorney General is not bound by cases to which he was not a party).

Given these representations, the United States has no objection to entry of the proposed consent decree. We appreciate the attention of the Court.

Please contact the undersigned at (202) 514-2714 if you have any questions.

Sincerely,

Paul S. Weiland, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Policy, Legislation & Special Litigation Section
P.O. Box 4390
Washington, D.C. 20044-4390

cc:   Cindy Gines-Sanchez, Plaintiff's Counsel
      John C. Martin, Defendant's Counsel
      Jorge Marrero Narvez, Esq., Defendant's Counsel